NO. 07-05-0155-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 14, 2005



______________________________


 

CHRISTOPHER WAYNE MCCOY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 174TH DISTRICT COURT OF HARRIS COUNTY;



NO. 999635; HONORABLE GEORGE H. GODWIN, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Christopher Wayne McCoy, appeals from a conviction and sentence
pursuant to a guilty plea to the charge of aggravated sexual assault of a child. We affirm.

 Appellant entered a plea of guilty to the charge of aggravated sexual assault of a
child on October 27, 2004. Appellant and the State had not entered into a plea bargain
agreement. The trial court heard evidence, found that the evidence substantiated
appellant's guilt, but deferred ruling until a pre-sentence investigation could be completed. 
A sentencing hearing was held on February 9, 2005, at which the trial court heard
arguments of the parties and sentenced appellant to confinement for eight years in the
Institutional Division of the Texas Department of Criminal Justice.

 Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. 
In support of this motion, counsel has certified that, in compliance with Anders v. California,
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently
reviewed and that, in the opinion of counsel, the record reflects no reversible error or
grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus
concludes that the appeal is frivolous. Counsel has discussed why, under the controlling
authorities, there is no arguably reversible error in the trial court proceeding or judgment. 
See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel's brief
demonstrates a conscientious review of the entire record and analysis of the legal issues
involved in a potential appeal. 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. The clerk of this court has also advised appellant by letter of his right to file a
response to counsel's Anders brief. Appellant has filed a pro se response.

 Appellant contends that he was denied effective assistance of counsel because his
appointed trial counsel led him to believe that he would receive probation if he pled guilty
to the charged offense. The record indicates that appellant signed admissions of guilt and
written admonishments and was orally examined and admonished by the trial judge before
his guilty plea was accepted. Further, the trial court correctly informed appellant of the
proper range of punishment for the charged offense and specifically admonished appellant
that the court may grant him deferred adjudication or send him to the penitentiary for 99
years or life. Appellant replied that he understood the court's punishment option but
reiterated his desire to plead guilty. We find no merit in appellant's contention. See
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986).

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 82-83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511
(Tex.Crim.App. 1991). The record reveals no such grounds. We agree that the appeal
is frivolous.

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed. 


 Mackey K. Hancock

 Justice



Do not publish. 



e the jury was
selected, its significance according to the prosecutor was not made clear until appellant
cross-examined various State witnesses. Thus, we cannot say that holding Allen to be a
rebuttal witness was a decision falling outside the zone of reasonable disagreement. Nor
can we say that permitting him to testify as one during the State's case-in-chief tainted the
decision. See Wilson v. State, No. 14-03-0173-CR, 2004 Tex. App. Lexis 1589 at *7-8
(Tex. App.-Houston [14th Dist.], February 19, 2004, pet. ref'd) (not designated for
publication) (noting that it was not error to permit the State to call a rebuttal witness during
its case-in-chief). So, we overrule this issue as well.

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice 

Do not publish.